IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| Oneida Ruby<br>and those similarly situated, | )<br>) | |
| Plaintiff, | )<br>)<br>) | |
| vs. | ) | Case No.: 12-cv-2325 CM/DJW |
| Atlantic Credit & Finance, Inc., | )<br>)<br>) | |
| Defendant. | ) | |

**NOTICE OF REMOVAL**

To the Honorable Judges of the United States District Court for the District of Kansas:

COMES NOW Defendant, Atlantic Credit & Finance, Inc., ("Defendant" or "Atlantic"), by and through its counsel of record, and pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, respectfully shows this Court that:

1. Plaintiff commenced this action on April 19, 2012, in the District Court of Wyandotte County, Kansas, Civil Department, Case No. 12-CV-577 (hereinafter the "State Court Action").

2. The removing party is the Defendant in the above-entitled action.

3. Pursuant to 28 U.S.C. § 1446(a), copies of the pleadings filed in the State Court Action are attached hereto, including Plaintiff's Class Action Petition, attached hereto as **Exhibit A** (Plaintiff's "Petition").

4. Defendant was served with the Petition on or about April 23, 2012. This notice is therefore timely filed within the thirty-day period prescribed by 28 U.S.C. § 1446(b).

5. Plaintiff's Petition alleges the following causes of Action:  Declaratory Judgment

(Count I), Violation of the Kansas Consumer Protection Act (Count II), Abuse of Process (Count III), and Conversion (Count IV).

7. This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1332(a) in that the amount in controversy exceed $75,000 and is between citizens of different states.

8. Complete diversity exists between plaintiff and defendant. As alleged in Plaintiff's Petition, Plaintiff is a resident of Wyandotte County, Kansas (Petition, ¶ 3) and Defendant is a Virginia corporation (Petition, ¶ 4).

9. Although Defendant disputes that Plaintiff is entitled to any of the relief she seeks in the Complaint – and although Defendant will oppose Plaintiff's motion seeking class certification – Plaintiff's claims for damages, declaratory judgment, and attorney's fees places the amount in controversy in excess of $75,000.

10. More specifically, Plaintiff claims damages pursuant to the Kansas Consumer Protection Act, K.S.A. § 50-623, *et seq.* (the "KCPA"). A prevailing plaintiff may recover up to $10,000 per violation of the KCPA. K.S.A. § 50-363, See also, Feil, et. al. v. MBNA America Bank, N.A., et. al., 471 F. Supp.2d 1214, 1217 (D. Kan. 2006)(citing Dodson v. U-Needa Self Storage, LLC, 32 Kan.App.2d 1213, 1220, 96 P.3d 667 (2004)). Plaintiff alleges in the Petition that Defendant violated K.S.A. § 50-626 by "…demanding payment in dunning letters and filing petitions in Kansas District Courts." Petition, ¶ 63. As Plaintiff has alleged that collection letters and attempts to collect in litigation would rise to a violation of the KCPA, under Plaintiff's theory, every letter and attempt to collect in litigation would purportedly amount to a violation of the KCPA. Plaintiff's account with Defendant was assigned to various law firms for collection, and between the law firms, five (5) collection letters were sent to Plaintiff on behalf

of Atlantic, and Plaintiff was personally served with the collection complaint. See, *Affidavit of Kevin Hudson*, **Exhibit B,** ¶ 6. A collection lawsuit was filed on behalf of Defendant on January 25, 2011 (**Exhibit C**), and Judgment was obtained on March 21, 2011. See, **Exhibit D.** Accordingly, if each letter and collection attempt in litigation is allegedly a violation of the KCPA, the seven (7) collection attempts described above could bring Plaintiff's claimed damages to $ 70,000.

11.     Further, the judgment obtained against Plaintiff on March 21, 2011 was in the amount of $1,233.23. See, **Exhibit D.** Plaintiff alleges that obtaining the judgment was in violation of the KCPA. Petition, ¶¶ 17-21, 63. Plaintiff is requesting that the judgment obtained against her be deemed void. Petition, ¶ 53. In determining the amount in controversy in declaratory judgment actions, "…the amount in controversy is measured by the value of the object of the litigation," and the court is to consider "…the pecuniary effect an adverse declaration will have on either party to the lawsuit." City of Moore v. Atchison, Topeka & Santa Fe Ry. Co., 699 F.2d 507, 509 (10th Cir. 1983)(citations omitted). Therefore, the judgment amount of $1,233.23 should be added to the amount claimed by Plaintiff for purposes of determining the monetary threshold in controversy.

12.     Finally, Plaintiff has also claimed costs and attorney's fees. Petition, ¶ 76 (d). A reasonable estimate of attorney's fees may be used for purposes of determining the required jurisdiction amount for purposes of diversity jurisdiction. Miera v. Dairyland Ins. Co., 143 F.3d 1337, 1340 (10th Cir. 1998)(citing Missouri State Life Ins. Co. v. Jones, 290 U.S. 19, 202, 78 L. Ed. 267, 54 S. Ct. 133 (1933)). While attorney's fees attributable to Plaintiff are unknown and unspecified in Plaintiff's Complaint, Plaintiff is the putative class representative in this matter and therefore may be presumed to incur attorney's fees in this matter. Even if Plaintiff's motion

for class certification is not granted, without waiving Defendant's right to challenge any of Plaintiff's claimed fees in a fee petition, it is reasonable to anticipate that Plaintiff will claim in excess of $ 5,000.00 in attorney's fees.  Therefore, combined with Plaintiff's claims for damages, the amount in controversy exceeds $75,000.

13. Accordingly, Pursuant to 28 U.S.C. § 1441, the action pending in the District Court of Wyandotte County, Kansas, Civil Department, Case No. 12-CV-577 is removable to this Court.

14. Defendant designates Kansas City, Kansas as the place of trial.

15. Pursuant to 28 U.S.C. § 1446(d), Defendant will provide written notice of the filing of Defendant's Notice of Removal to Plaintiff via U.S. Mail, and will also forward a Notice of Filing of Notice of Removal for filing with the Clerk of the District Court of Wyandotte County, Kansas, Civil Department.

16. Defendant hereby tenders the following state court pleading index of the pleadings attached hereto:

| Document Name | File Name |
| --- | --- |
| Class Action Petition | (Exhibit A) ClassActionPetition.pdf |
| Return of Service | (Exhibit E) ROS.pdf |
| Motion for Class Certification | (Exhibit F) MotionforCertification.pdf. |
| Clerk's Extension | (Exhibit G) ClerksExtension.pfd |

17. Defendant will file its Answer or other responsive pleading in a timely manner pursuant to Fed. R. Civ. P. 81(c).

WHEREFORE, defendant prays that the above-entitled cause now pending in the District Court of Wyandotte County, Kansas, Civil Department, Case No. 12-CV-577 be removed to the United States District Court for the District of Kansas at Kansas City.

4

Respectfully submitted,

FRANKE SCHULTZ & MULLEN, P.C.


 /s/ Pamela J. Welch
PAMELA J. WELCH        Ks. #21534
8900 Ward Parkway
Kansas City, Missouri 64114
Phone: (816) 421-7100
Fax:    (816) 421-7915
pwelch@fsmlawfirm.com
**ATTORNEY FOR DEFENDANT**


### CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

A.J. Stecklein, Esq.
748 Ann Avenue
Kansas City, Kansas 66101


FRANKE SCHULTZ & MULLEN, P.C.


 /s/ Pamela J. Welch
PAMELA J. WELCH        Ks. #21534
8900 Ward Parkway
Kansas City, Missouri 64114
Phone: (816) 421-7100
Fax:    (816) 421-7915
pwelch@fsmlawfirm.com
**ATTORNEY FOR DEFENDANT**