## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## CIVIL DEPARTMENT

| | |
|---|---|
| Oneida Ruby<br>and those similarly situated,<br>                         Plaintiff,<br><br>vs.<br><br>Atlantic Credit & Finance Inc.,<br>                         Defendant. | Case Number: 12-CV-577<br><br>Division: 3<br><br>Class Action Petition |

### PETITION

Comes now Plaintiff Oneida Ruby, through counsel, on behalf of
herself and others similarly situated, and for her Petition against Defen-
dant Atlantic Credit & Finance Inc., states as follows:

### Preliminary Statement

1.    This is a class action for declaratory judgment, injunction and
damages brought by Plaintiff Oneida Ruby against Defendant Atlantic
Credit & Finance Inc., a/k/a Atlantic Credit and Finance Inc. All of these
allegations arise out of Defendant Atlantic Credit & Finance Inc.'s lack of
standing and its misrepresentations to Kansas consumers regarding its
status and the consumer's obligations because it failed to be properly li-
censed to enforce supervised loans in the state of Kansas. This resulted in
deceptive misrepresentations made to consumers by Defendant in viola-
tion of the Kansas Consumer Protection Act. Ms. Ruby alleges the
following: Count I – a Declaratory Judgment declaring state court judg-
ments void and that Atlantic Credit & Finance Inc. never had legal

1

EXHIBIT A

authority to proceed against the putative class members because (a) Defendant is an assignee of supervised loans who was collecting without a license required by K.S.A. §16a-2-301; (b) the legal effect of that failure was that Defendant had no legal authority to collect; and (c) judgments taken without that legal authority by Atlantic Credit & Finance Inc. were taken without standing and are void. In Count II, Plaintiff alleges that the actions of demanding and collecting funds from consumers by Defendant violated the Kansas Consumer Protection Act §50-627 et seq. by misrepresenting two points:  Atlantic Credit & Finance Inc.'s status as one entitled to payment, and the consumers' obligation to make payments on debts otherwise unenforceable by Atlantic Credit & Finance Inc. Count 3 – the actions of Defendant constituted abuse of process. And Count 4 – the actions of Defendant constituted conversion.

## Jurisdiction and Venue

2.     This Court has jurisdiction of this cause in that all collection efforts were taken in the state of Kansas using Kansas courts. Venue and personal jurisdiction are proper in this Court because Atlantic Credit & Finance Inc. chose the venue in its attempt to collect the debt against Plaintiff and its other efforts to collect debts in Wyandotte County, Kansas.

EXHIBIT A

## Parties

3.  Plaintiff Oneida Ruby is a natural person residing in Wyandotte County, Kansas.

4.  Defendant Atlantic Credit & Finance Inc. is a corporation chartered under Virginia law, and conducts collection efforts against Kansas consumers.

## Factual Allegations Common to all Counts

5.  Atlantic Credit & Finance Inc. is engaged in the business of purchasing defaulted and charged-off consumer credit card debts from various banks, retailers and credit card companies.

6.  Upon information and belief, the balances of these defaulted consumer credit card obligations contain default interest provisions in excess of 12%.

7.  Because the accounts at issue are "supervised loans" as defined by K.S.A. §16a-1-301(46), each balance of these defaulted credit card obligations have balances not exceeding $25,000.00

8.  As part of its business model, Atlantic Credit & Finance Inc. purchases defaulted credit card accounts and, in making demand for payment on consumers, represents to the individual consumers that Atlantic Credit & Finance Inc. is entitled to collect the debt.

EXHIBIT A

9.     In making those demands, Atlantic Credit & Finance Inc. represents to consumers that it has a status as an entity with standing and legal entitlement to collect the debt.

10.     As part of its business model, Atlantic Credit & Finance Inc. represents to the individual consumers that the consumers are legally obligated to pay Atlantic Credit & Finance Inc. on the debt.

11.     The representations made by Atlantic Credit & Finance Inc. in paragraphs 9 and 10 are false because Atlantic Credit & Finance Inc. had no authority to collect on the debts or enforce the terms of the debts because it failed to become licensed under K.S.A. §16a-2-301.

12.     Atlantic Credit & Finance Inc. obtained judgments on an unknown number of actions filed against individual consumers in Kansas District Court Limited Actions divisions since 2002 and has collected from an unknown number of individual Kansas consumers without filing lawsuits.

13.     As part of its business model, Atlantic Credit & Finance Inc. purportedly purchased Plaintiff Ruby's account and, as an assignee, subsequently brought a lawsuit against Ms. Ruby to collect a supervised loan.

14.     On January 25, 2011, Atlantic Credit & Finance Inc. filed a lawsuit in Wyandotte County District Court Limited Actions Division in case number 2011-LM-000983 against Ms. Ruby.

4

EXHIBIT A

15.     Summons was issued on February 17, 2011 and served upon Ms. Ruby on February 23, 2011.

16.     Attached to that Summons was a petition alleging that Atlantic Credit & Finance Inc. had the status as assignee legally entitled to payment on the account and Plaintiff had an obligation to pay Atlantic Credit & Finance Inc.

17.     On March 21, 2011, judgment was entered in favor of Atlantic Credit & Finance Inc. against Ms. Ruby in the amount of $1,233.23 based upon that petition.

18.     On the date that the lawsuit against Plaintiff was filed, Atlantic Credit & Finance Inc. did not hold a supervised lender's license pursuant to K.S.A. §16a-2-301.

19.     Atlantic Credit & Finance Inc. did not apply for a supervised lender's license pursuant to K.S.A. §16a-2-301 within three months of filing the lawsuit against Plaintiff.

20.     Therefore, taking into account the grace period allowed by K.S.A. §16a-2-301, all collection activity in Kansas by Atlantic Credit & Finance Inc. prior to the filing of this petition was made while not properly licensed.

21.     Plaintiff Ruby alleges that as an unlicensed supervised lender Atlantic Credit & Finance Inc. was not legally authorized to pursue debts and obtain judgments and that said debts are unenforceable and without

EXHIBIT A

standing. Consequently, any judgments taken without standing are void. And because of this lack of standing, Atlantic Credit & Finance Inc.'s representations to consumers were deceptive and in violation of the Kansas Uniform Consumer Credit Code (hereafter KUCCC) and the Kansas Consumer Protection Act (hereafter KCPA), as more fully set forth below.

## CLASS ALLEGATIONS

22.    Plaintiff Ruby, on her own behalf and on behalf of all others similarly situated, incorporates the preceding paragraphs.

23.    The class members, of which Plaintiff Ruby is similarly situated, include: All Kansas natural persons (as opposed to an organization) who received a demand for payment from Atlantic Credit & Finance Inc. for balances of less than $25,000.00 alleged to be owed on defaulted credit card debt who have either (1) paid money to Atlantic Credit & Finance Inc. Funding OR (2) had a judgment taken against them by Atlantic Credit & Finance Inc.

24.    The claims of Ms. Ruby are common in that common fact and law prevail among Ms. Ruby and the class members.

25.    The claims of Ms. Ruby are typical of the claims of the classes.

26.    Ms. Ruby will fairly and adequately represent and protect the interests of the classes.

6

EXHIBIT A

27.     The prosecution of separate actions by all the class members would create a risk of inconsistent or varying adjudications with respect to individual members of the class and establish incompatible standards of conduct for the party opposing the class.

28.     The questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I
## DECLARATORY JUDGMENT

COMES NOW Plaintiff Ruby, on behalf of herself and those similarly situated, pursuant to K.S.A. §60-257, and as for Count I against Defendant Atlantic Credit & Finance Inc., requests the Court issue a Declaratory Judgment finding the following:

29.     Plaintiff Ruby incorporates the preceding paragraphs.

30.     Plaintiff alleges that Atlantic Credit & Finance Inc. had no legal authority, hence no standing to enforce the debt against Ms. Ruby or others similarly situated.

31.     Plaintiff alleges that she is entitled to a declaratory judgment to determine the rights and statuses of the parties and the legal enforceability of the debts in the hands of Atlantic Credit & Finance Inc.

32.     Atlantic Credit & Finance Inc.'s lack of authority and standing stems from its failure to become licensed under K.S.A. §16a-2-301.

7

EXHIBIT A

33.    Atlantic Credit & Finance Inc. is an assignee of supervised

lenders as defined by K.S.A. §16a-1-301(39).

34.    K.S.A. §16a-2-301, titled *Authority to Make Loans*, provides as

follows:

> *unless a person is a supervised financial organization; or has first obtained a license from the administrator authorizing such person to make supervised loans; or is the federal deposit insurance corporation acting in its corporate capacity or as receiver, such person shall not engage in the business of:*
>
> *(b) taking assignments of and directly or indirectly, including through the use of servicing contracts or otherwise, undertaking collection of payments from debtors arising from supervised loans, but such person may collect for three months without a license if the person promptly applies for a license and such person's application has not been denied; or*
>
> *(c) taking assignments of and directly or indirectly, including through the use of servicing contracts or otherwise, enforcing rights against debtors arising from supervised loans, but such person may enforce for three months without a license if the person promptly applies for a license and such person's application has not been denied.*

35.    Atlantic Credit & Finance Inc. is not a supervised financial or-

ganization.

36.    Upon information and belief, Atlantic Credit & Finance Inc.

has not applied for a supervised lending license with the Kansas Office of

the Bank Commissioner prior to the filing of this petition.

37.    Therefore, all collection efforts by Atlantic Credit & Finance

Inc. were pursued against Kansas consumers without Atlantic Credit &

Finance Inc. being properly licensed pursuant to K.S.A. §16a-2-301 or

EXHIBIT A

having applied for a license within three months after the filing of said cases.

38.   The court records of the Kansas District Court clerks shows that Atlantic Credit & Finance Inc. has filed 582 actions against individual consumers in Kansas District Courts in the following counties Wyandotte, Johnson, Shawnee, Saline, Sedgwick, Leavenworth, Geary, Ellsworth, and Bourbon since 2002 (only 9 of the 105 counties in Kansas).

39.   Atlantic Credit & Finance Inc. did not have a supervised lending license when it brought the lawsuit against Ms. Ruby.

40.   Atlantic Credit & Finance Inc. did not apply for a supervised lending license from the Kansas Office of the State Bank Commissioner within three months of the filing of the lawsuit against Plaintiff Ruby.

41.   Pursuant to K.S.A. §16a-2-301, all collection efforts by Atlantic Credit & Finance Inc., including demand for payment and lawsuits, were based upon legally unenforceable claims. See *Independent Financial Inc. (IFI) v. Wanna,* 186 P.3d 196 (Kan. 2008).

42.   Pursuant to K.S.A. §16a-2-301, Atlantic Credit & Finance Inc. has no legal authority to conduct or benefit from its collection efforts, including demand for payment and lawsuits filed. *Id.*

43.   All funds collected by Atlantic Credit & Finance Inc. to date based upon its collection efforts, including demand for payment and lawsuits filed prior to June 15, 2011, are wrongful, without legal

EXHIBIT A

authority, and based upon legally unenforceable claims. See *IFI v. Wanna.*

44.     The legal effect of the failure to become licensed is that the debts are unenforceable in the hands of the unlicensed Defendant. *Id.*

45.     Because these debts were unenforceable, Atlantic Credit & Finance Inc. had no legal right to receive payments on the debts. *Id.*

46.     Because Atlantic Credit & Finance Inc. never had the legal right to enforce the debts, Atlantic Credit & Finance Inc. could show no injury in the prior lawsuits that resulted in judgment by its failure to be paid on an account it was not legally entitled to collect. *Mortgage Electronic Registration Systems Inc. (MERS) v. Graham,* 247 P.3d 223 (Kan. App. 2010).

47.     Therefore, because Atlantic Credit & Finance Inc. had no protectable injury in the accounts while unlicensed, Atlantic Credit & Finance Inc. had no standing to file, prosecute, or take such judgments based upon the alleged debts. See *MERS v. Graham.*

48.     Because standing is required to convey subject matter jurisdiction, the court never obtained subject matter jurisdiction. *MERS v. Graham* at 225.

49.     Because a party cannot confer subject matter jurisdiction by consent, waiver or estoppel, the failure to object to the lack of standing by the class members who either defaulted or consented to judgment does not impact this rule. *Vorhees v. Baltazar,* 283 Kan. 389, 397, 153 P.3d

10

EXHIBIT A

1227 (2007).

50.    Because the court never obtained subject matter jurisdiction, the judgments are void. *MERS v. Graham* at 225.

51.    A void judgment or order is a nullity and may be vacated at any time on motion of a party or any person affected thereby. *Friesen v. Friesen*, 196 Kan. 319, 321, 410 P.2d 429 (1966).

52.    Because the funds collected pursuant to the judgments were based upon a nullity, they were wrongfully collected.

53.    Because the funds collected pursuant to the void judgments were wrongfully collected, the Court should order them repaid as restitution back to the Court for redistribution to the class members.

WHEREFORE, Plaintiff prays for an Order for Declaratory Judgment finding that Atlantic Credit & Finance Inc. was not authorized to enforce the debt; Atlantic Credit & Finance Inc. had no standing to enforce the debt; and Atlantic Credit & Finance Inc.'s judgments are void, by specifically finding the following:

   a.    Atlantic Credit & Finance Inc. conducted direct collection efforts and filed suit against Plaintiff and those similarly situated seeking direct collection and enforcement of supervised loans.

   b.    Atlantic Credit & Finance Inc. accepted funds based upon direct collection efforts and filed suit against Plaintiff

EXHIBIT A

and those similarly situated seeking direct collection and enforcement of supervised loans.

c.      Atlantic Credit & Finance Inc. obtained judgment against Plaintiff and those similarly situated based upon enforcement of supervised loans.

d.      Atlantic Credit & Finance Inc. garnished and otherwise collected money from Plaintiff and those similarly situated based upon the supervised loans.

e.      Atlantic Credit & Finance Inc. should have been licensed prior to undertaking direct collection of those loans or should have applied for said license within three months after beginning collection efforts, pursuant to K.S.A. §16a-2-301.

f.      Atlantic Credit & Finance Inc. failed to apply for a license pursuant to K.S.A. §16a-2-301.

g.      By reason of Atlantic Credit & Finance Inc.'s lack of compliance with K.S.A. §16a-2-301, Atlantic Credit & Finance Inc. was without authority to collect on these debts.

h.      By reason of Atlantic Credit & Finance Inc.'s lack of compliance with K.S.A. §16a-2-301, the supervised loans were unenforceable in the hands of Atlantic Credit & Finance Inc.

i.      Any subsequent licensing by Atlantic Credit & Finance Inc. would not cure the unenforceability of the loans.

EXHIBIT A

j.      Atlantic Credit & Finance Inc., as an assignee of debt, had no legal right to issue and collect from wage garnishments against class members.

k.      Atlantic Credit & Finance Inc., as an unlicensed assignee of legally unenforceable debt, had no right to receive payment of said debt.

l.      Atlantic Credit & Finance Inc., as an unlicensed assignee of legally unenforceable debt without right to receive payment on the debt, lacked standing to bring lawsuits based upon said debt.

m.      Atlantic Credit & Finance Inc., who lacked standing to bring suit on said debts, conveyed no subject matter jurisdiction on the courts by bringing those lawsuits.

n.      Because subject matter jurisdiction was never obtained on those lawsuits, any judgments entered in those lawsuits are null and void.

o.      Because the judgments are null and void, any collection therefrom is wrongful and unlawful.

p.      That all money wrongfully taken by virtue of Atlantic Credit & Finance Inc.'s unenforceable collection activity and wrongful garnishments should be returned to the Court for distribution to the class members.

EXHIBIT A

q.    And for any further relief the court deems just and proper under the premises.

## COUNT II
## VIOLATION OF THE KANSAS CONSUMER PROTECTION ACT

COMES NOW Plaintiff Ruby, on her behalf and those similarly situated, and as for Count II against Defendant Atlantic Credit & Finance Inc., states and alleges as follows:

54.    Plaintiff incorporates by reference the preceding paragraphs.

55.    Defendant Atlantic Credit & Finance Inc. is a supplier as defined by K.S.A. §50-624(i) (2011) in that it engages in or enforces consumer transactions.

56.    Plaintiff is a consumer as defined by K.S.A. §50-624(b) (2011).

57.    The transaction at issue is a consumer transaction as defined by K.S.A. §50-624(c) (2011).

58.    K.S.A §50-626 (2011) provides:

*(a)    No supplier shall engage in any deceptive act or practice in connection with a consumer transaction.*

59.    K.S.A §50-626 (2011) provides a non-exhaustive list of deceptive practices, a few of which in pertinent part are as follows:

*(b)    Deceptive acts and practices include, but are not limited to, the following, each of which is hereby declared to be a violation of this act, whether or not any consumer has in fact been misled:*

*(1)    Representations made knowingly or with reason to know that: (B) the supplier has a . . . status . . . that the supplier does not have;*

14

EXHIBIT A

*(3)     the willful failure to state a material fact, or the willful concealment, suppression or omission of a material fact . . . [.]*

*(8)     falsely stating, knowingly or with reason to know, that a consumer transaction involves consumer . . . obligations.*

60.     Atlantic Credit & Finance Inc. purchases defaulted consumer credit card obligations and attempts to collect on said obligations as an assignee.

61.     Atlantic Credit & Finance Inc. represented to Ms. Ruby and the putative class members that it had a status that it did not possess by alleging in its petitions that it was authorized to collect the debts alleged and that the debts alleged were enforceable by Atlantic Credit & Finance Inc.

62.     As part of its business model, Atlantic Credit & Finance Inc. made the following representations to Ms. Ruby, and similarly situated Kansans:

a.     That Atlantic Credit & Finance Inc. was legally entitled to enforce the debt (i.e. Atlantic Credit & Finance Inc.'s status).

b.     That Plaintiff and class members were obligated to pay Atlantic Credit & Finance Inc. on the debt (i.e. consumer's obligations).

15

**EXHIBIT A**

63.     Atlantic Credit & Finance Inc. made these representations in hundreds of Kansas Limited Actions lawsuits by demanding payment in dunning letters and filing petitions in Kansas District Courts.

64.     The representations made by Atlantic Credit & Finance Inc. in paragraph 63 are false because Atlantic Credit & Finance Inc. never had authority to collect on the loans or enforce the terms because it failed to become licensed under K.S.A. §16a-2-301.

65.     As a debt buyer, who collects in many other states that have also adopted the Uniform Consumer Credit Code which requires licensing, Atlantic Credit & Finance Inc. knew, or should have known of its lack of authority, and hence the falsity of the misrepresentations as required by K.S.A. §50-626(b)(1) and (8).

66.     The representation that Atlantic Credit & Finance Inc. had authority to enforce the debts and consumers had the obligation to pay Atlantic Credit & Finance Inc. are false for reasons stated in paragraphs 63 through 65.

67.     The defaulted credit card loans that Atlantic Credit & Finance Inc. attempts to collect, such as the one from Ms. Ruby, are "supervised loans" as that term is defined by K.S.A. §16a-1-301(46), in that the debt is a consumer loan, including a loan made pursuant to open-end credit, with respect to which the annual percentage rate exceeds 12%.

EXHIBIT A

68.     Kansas law requires debt buyers to obtain a license to take assignment of or collect on a supervised loan.

69.     Atlantic Credit & Finance Inc. was not registered or licensed with the Deputy Commissioner of the Division of Consumer and Mortgage Lending, as required by K.S.A. §16a-2-301 to take assignments of, or collect payments from, or enforce rights against debtors arising from supervised loans.

70.     Atlantic Credit & Finance Inc. took assignment of supervised loans without obtaining or promptly applying for a supervised lending license.

71.     Atlantic Credit & Finance Inc. attempted to collect on a supervised loan, and enforce the rights of the original creditor against Ms. Ruby and similarly situated Kansans without obtaining or promptly applying for a supervised lending license.

72.     Atlantic Credit & Finance Inc.'s acts and omissions as described above were deceptive in violation of K.S.A. §50-626.

73.     Defendant's acts and omissions were willful and were part of a pattern of deceptive and unconscionable acts and practices.

74.     Each act or omission described above constitutes a separate violation of the Kansas Consumer Protection Act, K.S.A. §50-623, et seq.

75.     Atlantic Credit & Finance Inc.'s acts and omissions as described above were also unconscionable in violation of K.S.A. §50-627(a)(6)

EXHIBIT A

in that the supplier made a misleading statement of opinion on which the consumer was likely to rely to the consumer's detriment.

76.     As a result of Defendant Atlantic Credit & Finance Inc.'s deceptive acts, Ms. Ruby and similarly situated Kansans have been harmed and incurred damages in the form of lost money and wrongfully issued judgments against them.

WHEREFORE, Plaintiff Ruby, on behalf of herself and similarly situated Kansans, respectfully prays for judgment on Count II against Defendant Atlantic Credit & Finance Inc. and requests the Court:

a.     Issue a declaratory judgment that Atlantic Credit & Finance Inc. has violated the Kansas Consumer Protection Act and that the judgments entered are void for lack of standing;

b.     Award actual damages to Ms. Ruby and similarly situated Kansans;

c.     Issue an injunction against Atlantic Credit & Finance Inc. precluding it from continuing to collect from the members of the class;

d.     Award costs and reasonable attorneys' fees, pursuant to K.S.A. §50-634; and

e.     Such other and further relief as the Court deems just and equitable.

## COUNT III
## ABUSE OF PROCESS

EXHIBIT A

COMES NOW Plaintiff Ruby, on behalf of herself and those similarly situated, and as for Count III against Defendant Atlantic Credit & Finance Inc., states and alleges as follows:

77.    Plaintiff incorporates by reference the preceding paragraphs.

78.    As is alleged hereinabove, Defendant's business is to engage in the practice of filing lawsuits in the state of Kansas.

79.    As alleged hereinabove, Defendant has filed hundreds of law-suits without legal authority based upon unenforceable debts.

80.    The Defendant made an illegal, improper and unauthorized use of the process by:

       a.    Filing lawsuits against hundreds of Kansas consumers when Defendant knew, or should have known, that Atlantic Credit & Finance Inc. had no legal authority to enforce the debt that served as the basis for the judgment.

       b.    Filing lawsuits against hundreds of Kansas consumers when Defendant knew, or should have known, that the debt that served as the basis for the judgment was unenforceable.

       c.    Obtaining a judgment when Defendant knew, or should have known, that Atlantic Credit & Finance Inc. had no legal authority to enforce the debt that served as the basis for the judgment; or should have known that the debt that served as the basis for the judgment was unenforceable.

19

EXHIBIT A

d.     Submitting pleadings and affidavits to the Court that were false in stating that Atlantic Credit & Finance Inc. was legally entitled to enforce the debt.

e.     Obtaining earnings and non-earnings garnishments, using the power of the court to institute debtor's examinations and threaten consumers with court action while Defendant knew, or should have known, that Atlantic Credit & Finance Inc. had no legal authority to enforce the debt that served as the basis for the judgment; or should have known that the debt that served as the basis for the judgment was unenforceable.

f.     Obtaining a judgment when Defendant knew, or should have known, that Atlantic Credit & Finance Inc. had no legal authority to enforce the debt that served as the basis for the judgment; or should have known that the debt that served as the basis for the judgment was unenforceable.

g.     Obtaining a judgment when Defendant knew, or should have known, that the debt that served as the basis for the judgment was unenforceable.

81.     The Defendant had knowledge of the illegal, improper and unauthorized use of the process.

82.     The above-described misuse of process was done for the pur-

20

EXHIBIT A

pose of causing great inconvenience and causing great hardship to the Plaintiffs, who were wrongfully sued, now have judgments against them, and some of who were wrongfully garnished.

83.   The Plaintiff and those similarly situated sustained damage as a result.

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and in favor of all similarly situated Kansans and against Defendant Atlantic Credit & Finance Inc. for funds collected from the class; for costs incurred and expended; and for such further relief as the Court deems just and proper.

## COUNT IV
## CONVERSION

COMES NOW Plaintiff Ruby, on behalf of herself and those similarly situated, and as for Count IV against Defendant Atlantic Credit & Finance Inc., states and alleges as follows:

84.   Plaintiff incorporates by reference the preceding paragraphs.

85.   Without right or entitlement, Defendant unlawfully collected money from the Plaintiff and those class members similarly situated.

86.   By virtue of Defendant's actions, it has deprived Plaintiff and those similarly situated of possession and wrongfully collected funds.

87.   As a result, Plaintiff and those similarly situated have suffered and continue to suffer damages.

WHEREFORE, Plaintiff prays that the Court enter judgment in her

EXHIBIT A

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and in favor of all similarly situated Kansans and against Defendant Atlantic Credit & Finance Inc. for funds collected from the class; for costs incurred and expended; and for such further relief as the Court deems just and proper.

Respectfully Submitted,

ATTORNEYS FOR PLAINTIFF

By: _____

A.J. Stecklein #16330
Charles D. Kugler #7031
Consumer Legal Clinic LLC
748 Ann Avenue
Kansas City, Kansas 66101
Telephone:  913-371-0727
Facsimile:   913-371-0147
CDKugler@yahoo.com
AJStecklein@gmail.com

## DESIGNATION OF LEAD COUNSEL

Comes now attorneys for Plaintiff and hereby designates A.J. Stecklein as lead attorney in the above-captioned case.

_____
A.J. Stecklein #16330

22

EXHIBIT A

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on each and every count of her petition.

A.J. Stecklein

## CERTIFICATE OF MAILING

This is to certify that pursuant to K.S.A. §50-634, a copy of the foregoing was mailed, United States mail, postage prepaid on April 19, 2012 to:

General Derek Schmidt
c/o Robert Hiatt
Kansas Attorney General
Memorial Hall, Second Floor
120 Southwest 10th Street
Topeka, Kansas  66612

A.J. STECKLEIN # 16330

EXHIBIT A