IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ONEIDA RUBY, on behalf of herself and all others similarly situated,   )<br>)<br>Plaintiffs,   )<br>)<br>v.   )<br>)<br>ATLANTIC CREDIT & FINANCE, INC.,   )<br>)<br>Defendant.   )<br>_____)   | Case No. 12-CV-02325-CM |

**MEMORANDUM AND ORDER**

Plaintiff Oneida Ruby, individually and on behalf of all others similarly situated, originally filed this lawsuit in Wyandotte County District Court. Defendant removed the case under 28 U.S.C. § 1441 and asserted that this court has diversity jurisdiction under 28 U.S.C. § 1332 over plaintiff's individual claims. Currently before the court is plaintiff's motion to remand (Doc. 5). Based on plaintiff's representation to this court that plaintiff did not file an individual action under Kan. Stat. Ann. 50-634(a) and that she seeks actual damages for her Kansas Consumer Protection Act claim, the court grants plaintiff's motion and remands the case to state court.

**I.      Factual Background**

This lawsuit arises from a previous judgment that defendant obtained against plaintiff in a separate action in state court. The prior judgment was entered against plaintiff when defendant, a debt buyer, purchased plaintiff's account and filed a limited action lawsuit in state court to collect judgment. The state court entered judgment in defendant's favor in the amount of $1,233.23.

Several months later, plaintiff filed this action to void the state court judgment. She argues that defendant collected from her without proper licensing and, therefore, lacked standing to sue her. She further alleges that defendant violated the Kansas Consumer Protection Act ("KCPA") when

defendant, lacking proper licensing, represented to her and other Kansas consumers that it was legally entitled to collect from them.  She also includes claims for abuse of process and conversion.

After plaintiff filed the state court petition, defendant filed its notice of removal to this court. Defendant claimed this court has original jurisdiction because plaintiff's state court petition created diversity jurisdiction.  Specifically, defendant argues that the parties are diverse and that plaintiff's individual claim under the KCPA exceeds the $75,000 amount in controversy requirement.  Plaintiff filed this motion for remand arguing that (1) plaintiff did not file an individual claim under the KCPA and, therefore, defendant has not met its burden to show that the amount in controversy exceeds $75,000 per named plaintiff,[1] and (2) the *Rooker-Feldman* doctrine prohibits this court's jurisdiction.

## II.     Analysis

Defendant removed this lawsuit from state court to federal court and asserted subject matter jurisdiction under 28 U.S.C. § 1332(a).  This statute allows this court to exercise subject matter jurisdiction over civil actions between citizens of different states that involve an amount in controversy over $75,000.  28 U.S.C. § 1332(a).  As the party invoking federal jurisdiction, defendant has the burden of establishing subject matter jurisdiction under this statute.  *See Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001) (explaining that the removing party has the burden of establishing the jurisdictional requirements set forth in 28 U.S.C. § 1332).  With respect to the amount in controversy, defendant must prove jurisdictional facts by a preponderance of the evidence and, once those facts are established, defendant is entitled to stay in federal court unless it is "legally certain" that less than $75,000 is at stake.  *McPhail v. Deere & Co.*, 529 F.3d 947, 954–55 (10th Cir. 2008).

---

[1]     Neither party argues that this court has diversity jurisdiction based on the Class Action Fairness Act's $5 million amount in controversy requirement.

Defendant's notice of removal alleges that complete diversity exists between plaintiff (a resident of Kansas) and defendant (a Virginia corporation). It also alleges that plaintiff's claims for damages, declaratory judgment, and attorney's fees places the amount in controversy over $75,000. More specifically, defendant explains that under the KCPA a prevailing party may recover reasonable attorney fees, K.S.A. 50-634(e), and civil penalties up to $10,000 per violation, K.S.A. 50-636(a). Defendant argues that there are potentially seven violations of the KCPA based on plaintiff's theory of the case, which could bring plaintiff's claimed damages to $70,000. Defendant adds $1,233.23 for the judgment amount of the void state court judgment and estimates attorney's fees in excess of $5,000.

Plaintiff concedes that the parties are diverse. But plaintiff argues that defendant has not met its burden of establishing the jurisdictional amount. Specifically, plaintiff argues that civil penalties of up to $10,000 per violation are only available for an individual action under K.S.A. 50-634(a) and (b). She, on the other hand, brought an action pursuant to K.S.A. 50-634(c) and (d) and civil penalties are not applicable to class actions filed under these sections. Indeed, plaintiff expressly represents to this court that "she did not file an individual action pursuant to subjection (a) [of K.S.A. 50-634]" and that "she did not pray for civil penalties pursuant to [subsection] (b) and seeks actual damages only."[2] (Doc. 15 at 5 (emphasis in original).)

The Tenth Circuit has held that "the amount in controversy is ordinarily determined by the allegations of the complaint, or, where they are not dispositive, by the allegations in the notice of removal." *Martin*, 251 F.3d at 1290 (quoting *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995)). In this case, the petition does not specify the amount of damages requested. And it appears that defendant's removal notice depends on an erroneous construction of the petition. Specifically, the prayer for relief for the KCPA claim requests actual damages. It does not request civil penalties. This is consistent with plaintiff's representation through her counsel to this court that she did not file an

---

[2] The impact of these representations if plaintiff's motion for class certification is denied is not before this court.

individual action under K.S.A. 50-634(a) and seeks actual damages only.  *See, e.g.*, *Williams v. Law Offices of David Sean Dufek, L.L.C.*, No. 08-2291-KHV, 2008 U.S. Dist. LEXIS 92978, at *3–5 (D. Kan. Aug. 11, 2008) (considering plaintiff's stipulation that the total amount in controversy does not exceed $75,000 as a clarification of the ambiguous prayer for relief).  The court, relying on plaintiff's representations made by her counsel, concludes that defendant has not established by a preponderance of the evidence jurisdictional facts that make it possible that $75,000 is in controversy.  Accordingly, the court grants plaintiff's motion and remands this case to state court.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion To Remand (Doc. 5) is granted.  This case is remanded to the District Court of Wyandotte County, Kansas.

Dated this 31st day of August, 2012, at Kansas City, Kansas.

                                                                     __s/ Carlos Murguia_____
                                                                      **CARLOS MURGUIA**
                                                                      United States District Judge